FILED IN THE DISTRICT COURT
OKLAHOMA COUNTY, OKLA.

JUL 1 1 2007

PATRICIA PRESLEY, COURT CLERK
by_____
DEPUTY

IN THE DISTRICT COURT OF OKLAHOMA COUNTY
STATE OF OKLAHOMA

| | |
|---|---|
| DEBBIE S. SMITH, an individual, | ) |
| Plaintiff, | ) ) |
| vs. | ) ) Case No. CJ-2007-5958 |
| ATKINS & MARKOFF, a domestic corporation, | ) ) ) |
| Defendant. | ) ) |

## PETITION

This action seeks declaratory and injunctive relief, compensatory and equitable damages, liquidated damages, punitive damages, and costs and attorney fees, for violation of Title VII of the Civil Rights Act of 1964, as amended, ("Title VII"), 42 U.S.C. Section 1981 ("§1981"), and the age Discrimination in Employment Act ("ADEA") of 1967 and the Oklahoma Anti-Discrimination Act, and Oklahoma's public policy against age discrimination as set out in 25 O.S. §§ 1101 *et seq.*, for intentional acts committed by the Defendant, Adkins & Markoff, and suffered by the Plaintiff, Debbie S. Smith ("Plaintiff"). Plaintiff alleges as states as follows:

1. That the Plaintiff is a resident of Yukon, Canadian County, State of Oklahoma.

2. That Defendant is a corporation within the State of Oklahoma, located in Oklahoma County, employing more than 15 employees, who, according to their website is an Oklahoma based law firm with six state-wide offices and another in Washington, D.C.

3. All of the claims arose in Oklahoma County and the Defendant is located in such county.

4. Plaintiff timely filed her Notice of Charge of Discrimination with the U.S. Equal

-1-

EXHIBIT "2"

Employment Opportunity Commission ("EEOC") claiming discrimination based upon her age.

5. On April 14, 2007, Plaintiff received her Notice of Right to Sue from the EEOC.

6. Plaintiff has timely filed her petition in this matter within Ninety (90) days of her receipt of the above-mentioned Notice of Right to Sue.

7. Jurisdiction and venue are both herein appropriate and proper.

## STATEMENT OF FACTS

8. Plaintiff worked for Defendant as a legal assistant from November 16, 2005 until her termination on September 8, 2006. Prior to her termination, Plaintiff's health insurance coverage was provided by her husband's employer.

9. Plaintiff was over the age of forty (40) years at all relevant times hereto. That, as a member of a protected class, to wit: age, Plaintiff is protected by the provisions of the Age Discrimination in Employment Act of 1967.

10. That, Plaintiff was subjected to discriminatory conduct, and that the motivating reason for this treatment was based on her age, as prohibited by the Age Discrimination in Employment Act of 1967.

11. That said conduct was a predominant factor in the termination of the Plaintiff.

12. On or about the first week of September, 2006, Plaintiff requested and applied for company provided health insurance coverage.

13. It was, at the time, the policy of Adkins & Markoff to pay 100% of the health insurance premium for the covered employee. The benefit package offered to employees of Adkins & Markoff included full healthcare benefits to the employee.

14. Soon after applying for health insurance coverage, Plaintiff was advised by Adkins

& Markoff of the extra expense that Adkins & Markoff would be paying. Three days after Plaintiff submitted her completed enrollment application for company provided healthcare, she was terminated with no reason given by Defendant. Plaintiff's termination was based solely upon her age.

15. At the time of Plaintiff's employment, she was the oldest support staff member, and second oldest person within the firm. Second only to one staff attorney.

16. At the time of Plaintiff's discharge, she was doing satisfactory work and as such received:

    a) A recent raise in pay;

    b) A recent performance bonus;

    c) A letter of recommendation upon discharge; and

    d) Qualified for and received unemployment compensation from the Oklahoma Employment Security Commission.

17. Under Title VII, Plaintiff is entitled to all traditional compensatory damages including dignitary harm, lost earnings (past, present and future) and punitive damages. These same damages are provided as an implied statutory remedy under the Oklahoma Anti-Discrimination Act. Under the ADEA, Plaintiff is entitled to lost earnings and liquidated damages. These damages exceed Ten Thousand Dollars ($10,000.00).

18. Plaintiff is entitled to all compensatory damages as well as punitive damages due to the malicious, intentional and/or reckless acts of the Defendant.

## **PRAYER**

**WHEREFORE,** Plaintiff prays that this Court enter judgment in favor of Plaintiff and against the Defendant and assess compensatory damages including, but not limited to, backpay,

future wages and compensatory damages, together with pre and post judgment interest, costs, attorney's fees, liquid damages, punitive damages and such other relief as this Court may deem equitable and appropriate or allowed by law.

**JURY TRIAL DEMANDED**  
**ATTORNEY LIEN CLAIMED**

Respectfully submitted,

TOM C. GIBSON, OBA #21191  
508 W. Vandament Avenue, Suite 306  
Yukon, Oklahoma 73099  
(405) 354-2900 *telephone*  
(405) 354-7557 *facsimile*  
*ATTORNEY FOR PLAINTIFF*

## VERIFICATION

STATE OF OKLAHOMA   )
                    ) ss
COUNTY OF CANADIAN  )

**DEBBIE S. SMITH**, of lawful age, being first duly sworn, upon oath says:

That she is the Plaintiff above-named.

That she has read the within and foregoing instrument, and that based upon her information and belief the matters and things therein stated are true and correct.

*[signature]*
**DEBBIE S. SMITH**, *Petitioner*

Subscribed and sworn to before me, a *Notary Public*, this 11th day of July, 2007.

*[signature]*
*Notary Public*

My Commission Expires:      October 7, 2010

My Commission Number:       02015768

*[Notary Seal: ALTA ELLEN SMITH, NOTARY PUBLIC, STATE OF OKLAHOMA, #02015768, 10/07/10]*