IN THE DISTRICT COURT OF OKLAHOMA COUNTY
STATE OF OKLAHOMA

DEBBIE S. SMITH, an individual,        )
                                       )
       Plaintiff,                      )
                                       )
vs.                                    )    Case No. CJ-2007-5958
                                       )
ATKINS & MARKOFF,                      )
a domestic corporation,                )
                                       )
       Defendant.                      )

### FIRST INTERROGATORIES TO DEFENDANT

PLEASE TAKE NOTICE that pursuant to Okla. Stat. tit. 12 §§ 3233 and 3244, Plaintiff hereby propounds the following Interrogatories to be answered, in writing and under oath, separately and fully, within thirty (30) days after service.

These Interrogatories shall be deemed continuing pursuant to Section 3237(E) of the Oklahoma Discovery Code as to require additional answers if you acquire additional information between the time the answers are served and the time of trial. Such additional answers shall be served separately, but not later than thirty (30) days after such information is received.

Interrogatories which cannot be answered in full shall be answered as completely as possible, and incomplete answers shall be accompanied by a specification of the reasons for the incompleteness of the answer, as well as by a statement of the inquiry made and whatever knowledge, information or belief you possess with respect to each unanswered or incompletely answered Interrogatory.

When the words "Defendant," "you," or "your" appear, or any pronoun referring to Defendant, the same shall be taken to refer not only to Defendant corporation, Atkins & Markoff,

but also to attorneys, agents, employees, investigators, representatives, relatives, and any other person having knowledge of the facts concerning matters which are the subject of this litigation.

These Interrogatories are intended to ascertain information not only in the possession of the Defendant corporation and the other persons named above, but also contained in records and documents in their custody or control or available to them.

**INTERROGATORY NO. 1:** Identify all persons, including partners, who were employees of the law firm of Atkins & Markoff by name, address, job title, age and dates of employment during the last four (4) years. The term "person" should include, among others, corporations. The term "employee" should include, among others, those employed by Atkins & Markoff on a full-time, part-time, temporary, permanent, paid and un-paid basis.

**INTERROGATORY NO. 2:** In your response to the U.S. Equal Employment Opportunity Commission ("EEOC") you indicated that Plaintiff was discharged after it was brought to your attention she referred an asset forfeiture case to another attorney with whom her husband worked. Identify by name, district court and case number the case you are referring to and whether or not information pertaining to this case is a matter of public record (i.e. does such case actually exist) and identify how this was brought to your attention.

**INTERROGATORY NO. 3:** Identify all locations and/or offices of Atkins & Markoff within the continental United States.

**INTERROGATORY NO. 4:** Identify by name, address, job title, age and dates of employment all persons in any way associated with the law firm of Atkins & Markoff <u>or</u> who in any way worked from, were based out of, or who maintain any employment whatsoever at the following locations, within the last four (4) years:

1) 9211 Lake Hefner Parkway, Suite 104, Oklahoma City, Oklahoma 73120
2) 406 S. Boulder, Suite 409, Tulsa, Oklahoma 74103
3) 501 N. Hudson, Altus, Oklahoma 73522
4) 1700 McKinley, Bartlesville, Oklahoma 74006
5) 802 SW A Avenue, Lawton, Oklahoma 73501
6) 205 W. McElroy Road, Stillwater, Oklahoma 74075
7) 900 36th Avenue NW, Suite 202, Norman, Oklahoma 73072
8) 267 Kentlands Blvd., Suite 1004, Gaithersburg, Maryland 20878

**INTERROGATORY NO. 5:** Identify by name, address, age, rate of pay and job title all individuals hired by Atkins & Markoff on or after September 8, 2006.

**INTERROGATORY NO. 6:** Explain, as if you were testifying before a jury, what transpired on or about September 8, 2006 that resulted in the termination of Debbie S. Smith.

**INTERROGATORY NO. 7:** Identify all persons you may call as witnesses in this case and for each witness so listed, state a brief summary of the testimony to be given by each witness.

**INTERROGATORY NO. 8:** Identify all persons known to you at this time who purport to have any knowledge or relevant information concerning the facts and circumstances of this case. Your answer should include all eyewitnesses, all persons who heard or claim to have heard any statements made by any party or witness to the subject termination of Debbie S. Smith concerning any aspect of the termination, all persons who were present at any meeting that may have been held to discuss this matter, all persons with knowledge of any kind concerning the allegations claimed as a result of this termination of Debbie S. Smith. For each person listed, provide the name, address, home telephone number, place of employment, job title or capacity and present whereabouts.

**INTERROGATORY NO. 9:** Identify each statement, whether summarized or

verbatim, recorded or written, taken by you or on your behalf, in connection with the incident complained of in this action, provide the names of all persons giving statements, the dates on which the statements were obtained, and the name, address, job title or capacity, telephone number and present whereabouts of all persons who have present custody or control of the statements. [Note: In answering this Interrogatory, it is not sufficient to merely claim work-product status of such statements. If you intend to claim a work-product privilege, you must nevertheless answer all portions of this Interrogatory except that asking for the contents of the statement.]

**INTERROGATORY NO. 10:** Identify all persons interviewed or questioned by you or on your behalf, prior to and after the termination of Debbie S. Smith, in connection with the incident complained of in this action, listing their names, addresses, home telephone numbers, places of employment, job titles or capacities, and present whereabouts.

**INTERROGATORY NO. 11:** Was an investigation conducted by you, prior to termination, regarding issues that ultimately led to the termination of Debbie S. Smith or regarding your claims that Debbie S. Smith referred an asset forfeiture case to another attorney with whom her husband worked? If so, identify each investigation report, or other report (including so-called sub rosa investigations) prepared, compiled, submitted or made by you or on your behalf in the regular course of business or in preparation for litigation as a result of the incident complained of in this action, state the identity of the same by date, subject matter, name, address, and present whereabouts of the person who has present custody or control thereof; and the purpose of the report or investigation.

**INTERROGATORY NO. 12:** Does Atkins & Markoff have eight (8) locations referred to in Interrogatory No. 4? If no, how many locations does Atkins & Markoff have? Identify

all means of advertisement, within the last three (3) years, wherein Atkins & Markoff claim to have the aforementioned eight (8) locations or any locations other than or in addition to 9211 Lake Hefner Parkway, Suite 104, Oklahoma City, Oklahoma 73120, and your basis, justification or reasons for making such a claim.

**INTERROGATORY NO. 13:** Identify all writings to which you have referred in any way or utilized in any manner in answering these interrogatories.

**INTERROGATORY NO. 14:** Have you ever been a party to any litigation, civil or criminal, including unemployment and worker's compensation claims? If so, state:

    a.    The court, style and number of the case, or the date and nature of the claim;

    b.    A brief description of each litigation, or claim if no litigation was filed;

    c.    The outcome of any such litigation or charges, or the claim if no litigation was filed.

**INTERROGATORY NO. 15:** Did the partners, employees or agents of Atkins & Markoff meet on or about September 8, 2006 to discuss any issues or concerns regarding Debbie S. Smith? If so, describe fully and in detail the manner in which this meeting or meetings took place, stating as fully as possible the circumstances leading up to this meeting or meetings and an exact chronological description of everything you did and everything that was discussed and everything that happened in this meeting or meetings immediately proceeding, during and after such meetings.

**INTERROGATORY NO. 16:** If you answer Interrogatory No. 15 is yes, identify by name, address, telephone number, age and job title all persons present in said meeting or meetings.

**INTERROGATORY NO. 17:** Identify all facts that support your statement to the EEOC that Debbie S. Smith referred an asset forfeiture case to another attorney with whom her husband worked. Describe fully and in detail how and when Atkins & Markoff acquired any

information regarding this case (i.e. who called and when), stating as fully as possible the circumstances leading up to Debbie S. Smith's alleged referral, how Atkins & Markoff became aware of the alleged referral, what transpired after Atkins & Markoff became aware of the alleged referral.

**INTERROGATORY NO. 18:** Within the past four (4) years, have any agents, employees or representatives of Atkins & Markoff referred any clients or potential clients to other attorneys or law firms? If your answer is yes, does Atkins & Markoff maintain, produce or possess any guidelines or procedures, written or otherwise, addressing this practice?

**INTERROGATORY NO. 19:** If your answer to the first part of Interrogatory No. 18 was yes, please identify the attorney(s) or law firm(s) who, within the past four (4) years, have been the recipients of referrals from Atkins & Markoff and identify by payor and dollar amount any and all compensation received by Atkins & Markoff for said referrals.

**INTERROGATORY NO. 20:** During the past four (4) years, what was the company policy of Atkins & Markoff regarding health insurance benefits?

**INTERROGATORY NO. 21:** During the past four (4) years, identify by name, address, telephone number, age and job title all employees covered under the health insurance policy of Atkins & Markoff and indicate the cost, if any, to Atkins & Markoff assessed to each individual employee. Additionally, indicate the cost, if any, that each covered individual employee was required to pay.

**INTERROGATORY NO. 22:** Did Atkins & Markoff acquire any cost information to add Debbie S. Smith individually, or herself and family, to the health insurance policy of Atkins & Markoff? If so, what was the cost and what financial contribution, if any, did Atkins & Markoff

request from Debbie S. Smith in order to add her and/or her family to the health insurance policy of Atkins & Markoff?

**INTERROGATORY NO. 23:**   On what dates did the following occur:

a.   Debbie S. Smith received her last pay increase from Atkins & Markiff prior to being terminated;

b.   Debbie S. Smith received her last bonus from Atkins & Markiff prior to being terminated;

c.   Atkins & Markoff began paying monies toward Debbie S. Smith's healthcare premiums, either to Smith's COBRA via her husband's former employer or directly to the Atkins & Markoff company sponsored healthcare program.

d.   Atkins & Markoff received notice from the Oklahoma Employment Security Commission that Debbie S. Smith filed a claim for unemployed benefits.

e.   Atkins & Markoff filed an objection with the Oklahoma Employment Security Commission, opposing Debbie S. Smith's claim for unemployment benefits.

**INTERROGATORY NO. 24:**   Does Atkins & Markoff record, log, ledger, document or otherwise memorialize contacts with potential clients?

**INTERROGATORY NO. 25:**   Did Tamara Spradlin make any statement or statements to any employee, partner or agent of Atkins & Markoff, prior to Debbie S. Smith's termination, regarding the subject of health insurance for Debbie S. Smith or the aforementioned alleged referral? If so, please summarize what was said and/or written.

**INTERROGATORY NO. 26:**   Identify all financial expenditures and/or payments made by Atkins & Markoff relating in any way to the healthcare coverage of Debbie S. Smith.

Respectfully submitted,

TOM C. GIBSON, OBA #21191
508 W. Vandament Avenue, Suite 306
Yukon, Oklahoma 73099
(405) 354-2900 *telephone*
(405) 354-7557 *facsimile*
*ATTORNEY FOR PLAINTIFF*

## CERTIFICATE OF MAILING

I hereby certify that on the ___16th___ day of July, 2007, a true and correct copy of the foregoing was mailed by certified mail, return receipt requested to:

Atkins & Markoff
C/O Daniel Pines Markoff
9211 Lake Hefner Parkway, Suite 104
Oklahoma City, Oklahoma 73120

TOM C. GIBSON