FILED IN THE DISTRICT COURT
OKLAHOMA COUNTY, OKLA.

**IN THE DISTRICT COURT OF OKLAHOMA COUNTY**
**STATE OF OKLAHOMA**

JUL 2 3 2007

PATRICIA PRESLEY, COURT CLERK
by_____
DEPUTY

| | | |
|---|---|---|
| DEBBIE S. SMITH, an individual, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CJ-2007-5958 |
| | ) | |
| ATKINS & MARKOFF, | ) | |
| a domestic corporation, | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S FIRST AMENDED PETITION

Pursuant to 12 O.S. § 2015 of the Oklahoma Pleading Code, Plaintiff Debbie S. Smith amends her Petition as a matter of course to state claims for relief against Defendant Atkins & Markoff for violations of the Oklahoma Anti-Discrimination Act and Oklahoma's public policy against age discrimination as set out in 25 O.S. §§ 1101, *et seq.,* and as set out in *Saints v. Data Exchange,* 2006 OK 59, 145 P.3d 1037.

This action seeks declaratory and injunctive relief, compensatory and equitable damages, liquidated damages, punitive damages, and costs and attorney fees, for violation of the age Discrimination in Employment Act ("ADEA") of 1967 and the Oklahoma Anti-Discrimination Act, and Oklahoma's public policy against age discrimination as set out in 25 O.S. §§ 1101, *et seq.*, and a *Saint/Burk* tort for a violation of Oklahoma's Public Policy as set out in *Saint v. Data Exchange,* 2006 OK 59, 145 P.3d 1037, and for intentional acts committed by the Defendant, Adkins & Markoff, and suffered by the Plaintiff, Debbie S. Smith ("Plaintiff"). Plaintiff alleges as states as follows:

1.      That the Plaintiff is a resident of Yukon, Canadian County, State of Oklahoma.

-1-

EXHIBIT "5"

2.      That Defendant is a corporation within the State of Oklahoma, located in Oklahoma County who, at all relevant times, employed more than 15 employees and is subject to the provisions of 25 O.S. §§ 1101, *et seq.,* and who, according to their website is an Oklahoma based law firm with seven state-wide offices and another in Washington, D.C.

3.      All of the claims arose in Oklahoma County and the Defendant is located in such county.

4.      Plaintiff timely filed her Notice of Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") claiming discrimination based upon her age.

5.      On April 14, 2007, Plaintiff received her Notice of Right to Sue from the EEOC.

6.      Plaintiff has timely filed her petition in this matter within Ninety (90) days of her receipt of the above-mentioned Notice of Right to Sue.

7.      Jurisdiction and venue are both herein appropriate and proper.

## STATEMENT OF FACTS

8.      Plaintiff worked for Defendant as a legal assistant, in the family-law division of the Defendant law firm, from November 16, 2005 until her termination on September 8, 2006. Prior to her termination, Plaintiff's health insurance coverage was provided by her husband's employer.

9.      Plaintiff, born April 18, 1960, was over the age of forty (40) years at all relevant times hereto. That, as a member of a protected class, to wit: age, Plaintiff is protected by the provisions of the Age Discrimination in Employment Act of 1967.

10.     On or about July 1, 2006, Plaintiff requested from Atkins & Markoff that she be covered under the group health insurance policy, Blue Cross/Blue Shield, offered by the Defendant employer. This request due to the fact that her husband was no longer employed by the City of

Oklahoma City, the organization who previously provided health insurance benefits to the Plaintiff at no cost to Atkins & Markoff.

11.    On or about July 1, 2006, Plaintiff was informed by representatives of Atkins & Markoff that she would not be eligible for company provided health insurance benefits until the next enrollment period, which would be September or October, 2006.

12.    On September 5, 2006, Plaintiff submitted to Atkins & Markoff her completed enrollment application for company provided health insurance benefits through Blue Cross/Blue Shield.

13.    Upon information and belief, Atkins & Markoff paid Plaintiff's health insurance premium through Plaintiff's COBRA election to the City of Oklahoma City. Said premiums were for Plaintiff's individual health insurance coverage, attributed to the months of July, August and September, 2006.

14.    The monthly COBRA premiums paid by Atkins & Markoff for the benefit of the Plaintiff were $483.47, approximately.

15.    On or about August 1, 2006, the office manager for Akins & Markoff informed the Plaintiff that the monthly cost to the employer for company provided health insurance through Blue Cross/Blue Shield would be $424.20 per month.

16.    Despite this monthly cost, Atkins & Markoff neither requested nor required that Plaintiff contribute any monies toward these premium amounts. Instead, Atkins & Markoff made the decision to terminate Plaintiff's employment, as this increased expense was to be too costly for the firm.

17.    Atkins & Markoff fired the Plaintiff a mere three (3) days after she  submitted to

-3-

Atkins & Markoff her completed enrollment application for company provided health insurance benefits through Blue Cross/Blue Shield, without explanation.

18.    Plaintiff was unlawfully discriminated against with respect to benefits because of her age (46 year of age), in violation of the Oklahoma Anti-Discrimination Act and Oklahoma's public policy against age discrimination as set out in 25 O.S. §§ 1101, *et seq.,* and as set out in ***Saints v. Data Exchange,*** 2006 OK 59, 145 P.3d 1037 and the Age Discrimination in Employment Act of 1967.

19.    That, Plaintiff was subjected to discriminatory conduct, and that the motivating reason for this treatment was based on her age, as prohibited by the Age Discrimination in Employment Act of 1967.

20.    That said conduct was a predominant factor in the termination of the Plaintiff.

21.    It was, at the time, the policy of Adkins & Markoff to pay 100% of the health insurance premium for the covered employee. The benefit package offered to employees of Adkins & Markoff included full healthcare benefits to the employee.

22.    Soon after applying for health insurance coverage, Plaintiff was advised by Adkins & Markoff of the extra expense that Adkins & Markoff would be paying. Three days after Plaintiff submitted her completed enrollment application for company provided healthcare, she was terminated with no reason given by Defendant. Plaintiff's termination was based solely upon her age.

23.    At the time of Plaintiff's employment, she was the oldest support staff member, and second oldest person within the firm. Second only to one staff attorney.

24.    At the time of Plaintiff's discharge, she was doing satisfactory work and as such received:

a)    A recent raise in pay;

b)    A recent performance bonus;

c)    A letter of recommendation upon discharge;

d)    Was replaced by a younger worker; and

e)    Qualified for and received unemployment compensation from the Oklahoma Employment Security Commission.

25.    Under the Oklahoma Anti-Discrimination Act, Plaintiff is entitled to all traditional compensatory damages including dignitary harm, lost earnings (past, present and future) and punitive damages. Under the ADEA, Plaintiff is entitled to lost earnings and liquidated damages. These damages exceed Ten Thousand Dollars ($10,000.00).

26.    Plaintiff is entitled to all compensatory damages as well as punitive damages due to the malicious, intentional and/or reckless acts of the Defendant.

### **PRAYER**

**WHEREFORE,** Plaintiff prays that this Court enter judgment in favor of Plaintiff and against the Defendant and assess compensatory damages including, but not limited to, backpay, future wages and compensatory damages, together with pre and post judgment interest, costs, attorney's fees, liquid damages, punitive damages and such other relief as this Court may deem equitable and appropriate or allowed by law.

**JURY TRIAL DEMANDED**
**ATTORNEY LIEN CLAIMED**

-5-

Respectfully submitted,

*[signature]*

**TOM C. GIBSON,** OBA #21191
508 W. Vandament Avenue, Suite 306
Yukon, Oklahoma 73099
(405) 354-2900 *telephone*
(405) 354-7557 *facsimile*
*ATTORNEY FOR PLAINTIFF*

## CERTIFICATE OF SERVICE

I hereby certify that on the _23rd_ day of July, 2007, a true and correct copy of the foregoing *Plaintiff's First Amended Petition* was mailed by certified mail, return receipt requested to:

Atkins & Markoff
C/O Daniel Pines Markoff
9211 Lake Hefner Parkway, Suite 104
Oklahoma City, Oklahoma 73120

*[signature]*

**TOM C. GIBSON**

-6-